**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Larry Tawney,** | ) | **CASE NO. 5:20 CV 1504** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Douglas Fender, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

**Introduction**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge William H. Baughman Jr. which recommends denial of petitioner's Petition for Writ of Habeas Corpus. (Doc. 17). Petitioner has filed objections to the recommendation. For the following reasons, the Report and Recommendation is ACCEPTED.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine de novo any proposed finding or recommendation to which

1

objection is made. The judge may accept, reject, or modify any proposed finding or recommendation." If there are no objections, the Advisory Committee Notes to Federal Rule of Civil Procedure 72(b) state that "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."

**Discussion**

A Portage County jury found petitioner guilty of two counts of felonious assault, one count of abduction, one count of aggravated burglary, one count of robbery, one count of disrupting public services, and one count of grand theft auto. He was sentenced to an aggregate term of 21 years in prison. The conviction was affirmed on direct appeal, and the Ohio Supreme Court declined to accept jurisdiction.

The Petition for Writ of Habeas Corpus asserts one ground for relief: "The Prosecutor's use of Mr. Tawney's decision not to testify violated Mr. Tawney's Fifth and Fourteenth Amendment rights to not be compelled to testify." Petitioner takes issue with the prosecutor's comments during closing arguments that defense counsel "has zero evidence" and "the evidence is uncontroverted." The Magistrate Judge determined that the Ohio appellate court's decision rejecting this claim was not contrary to the relevant applicable federal law. For the following reasons, this Court agrees.

The Ohio Court of Appeals concluded that the jury could have construed the prosecutor's comments "as a comment on the amount or nature of the evidence, not directly on [Petitioner's] failure to testify," that a curative instruction had been given, and that the "evidence was overwhelmingly against [Petitioner]." *State v. Tawney*, No. 2018-P-0060 (11th App.Dist.Aug. 12, 2019). The court applied Ohio case law which conformed to the applicable federal law on the

2

issue. The Court agrees with the Magistrate Judge that the Ohio court conclusions are not contrary to *United States v. Carter,* 236 F.3d 777 (6th Cir. 2001), which sets forth the applicable test when a prosecutor's statements are alleged to be unconstitutional comments on a defendant's failure to testify.

Petitioner's objections maintain that the appellate court wrongly found that the trial court gave a curative instruction, one of the factors to be considered, where it only gave general instructions. However, the trial court did give an instruction and whether this Court disagrees with the appellate court as to whether or not the instruction sufficiently cured any prejudice caused by the prosecutor's comments is not a basis for rejecting the state court decision. A federal district court may not find a state court's decision unreasonable "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S.362, 411 (2000). Rather, a federal district court must determine whether the state court's decision constituted an objectively unreasonable application of federal law. *Id.* at 410-12. "This standard generally requires that federal courts defer to state-court decisions." *Strickland v. Pitcher*, 162 Fed. Appx. 511, 516 (6th Cir. 2006) (citing *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir.1998). Accordingly, applying the AEDPA deference to the state court decision, the Court finds that it was not an objectively unreasonable application of the relevant federal law.

**Conclusion**

For the foregoing reasons, the Court accepts the Report and Recommendation and denies the Petition for Writ of Habeas Corpus. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no

basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

    IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 9/7/22